IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeffrey G. McCoy, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-cv-00792-BHH |
| v. ) | |
| ) | **<u>Order</u>** |
| Shaw Industries, Inc.; *et al*., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon *pro se* and *in forma pauperis* Plaintiff Jeffrey G. McCoy's ("Plaintiff") amended complaint against Defendants Shaw Industries, Inc., Shaw Industries Group, Inc., and Anderson Hardwood Floors, LLC (collectively, "Shaw" or "Defendants"), asserting tort claims arising out of injuries Plaintiff suffered while working in the South Carolina Department of Corrections' Division of Industries work program. (ECF No. 8.) In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules, D.S.C., the matter was referred to a United States Magistrate Judge for preliminary consideration.

Now before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 101.) Plaintiff filed a response in opposition, and Defendants filed a reply. (ECF Nos. 109, 110.)

On May 21, 2025, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining the claims and issues and recommending that the Court grant Defendants' motion for summary judgment. (ECF No. 117.)[1]

---

[1] As stated in her April 15, 2024, Order, the Magistrate Judge construed the amended complaint as raising claims of negligence under South Carolina law by way of diversity jurisdiction under 28 U.S.C. § 1332 (ECF

Plaintiff filed objections to the Report, and Defendants filed a reply to Plaintiff's objections. (ECF Nos. 119, 123.)

**Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Report sets forth the relevant background, evidentiary record, and standard of review, and no party objects to these portions of the Report. Accordingly, the Court incorporates these portions of the Report without recitation.

After close review, it is evident that Plaintiff's "objections" boil down to one objection to the Report. Plaintiff first states that he is not bringing a products liability claim. (ECF

---

No. 14 at 1); specifically, "a products liability negligence design defect claim and a straightforward negligence claim." (ECF No. 117 at 7.)

2

No. 119 at 1-2.) Plaintiff then objects to the Report's finding with regard to his straightforward negligence claim based on his assertion that Defendants breached a duty of care they allegedly owed to him by failing to comply with Occupational Safety and Health Administration ("OSHA")[2] standards related to the workstation at issue. (*Id.*)

OSHA standards apply to "employments performed in a workplace," 29 C.F.R. § 1910.5(a), and it regulates employers. See 29 U.S.C.A. § 653(b)(4) ("Nothing in this chapter shall be construed . . . to enlarge or diminish or affect . . . the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."). However, "a plaintiff may not premise a cause of action for damages upon a violation of an OSHA standard." *Harik v. Wilson*, No. AW-05-cv-1182, 2006 WL 8457020, at *1 (D. Md. May 15, 2006) (citing 29 U.S.C. § 653; *Clark v. Velsicol Chemical Corp.*, 944 F.2d 196, (4th Cir. 1991) (holding that OSHA is a purely regulatory provision and does not create a private right of action.)). Rather, "[a]ny such violation or negligence in ensuring health and safety can only serve as evidence of another tort." *Id*.

As to this claim, the Magistrate Judge ruled that:

> [e]ven if Defendants could be considered "employers" to whom OSHA standards apply, Plaintiff has not offered any evidence creating a genuine issue of material fact that Defendants breached a duty of care to Plaintiff and that this breach proximately caused Plaintiff's broken thumb. Even construed in the light most favorable to Plaintiff, the evidence does not indicate that the workstation failed to comply with any applicable OSHA standards or that the accident at issue was otherwise foreseeable to Defendants.

(ECF No. 117 at 14.)

---

[2] 5 OSHA is an agency of the United States Department of Labor that creates and enforces standards to protect workers.

3

Plaintiff objects to this finding, arguing that he has "clearly presented these OSHA standards to the court pointing out that had the workstation in question been properly secured it would not have fallen over causing [his] injuries." (ECF No. 199 at 3.) He contends, without any citation, that the "record clearly shows that the defendants failed to follow strict OSHA standards." (*Id.*) The Court disagrees.

After *de novo* review, the Court concludes that the Report's findings quoted above are without error and are supported by the law and the record in this case. The Court finds that the Magistrate Judge properly applied the law to the facts and evidence in the record and correctly concluded that, even assuming Defendants were Plaintiff's "employer" to whom OSHA standards would apply, Plaintiff did not present sufficient evidence to create a genuine issue of material fact that Defendants breached a duty of care to Plaintiff and that this breach proximately caused his injuries. The Court's independent review reveals that the record is devoid of any evidence that the workstation at issue failed to comply with any applicable OSHA standards or that the accident at issue was otherwise foreseeable to Defendants. Consequently, the Court finds no merit to Plaintiff's objection and agrees with the Magistrate Judge's recommendation that it grant Defendant's motion for summary judgment on Plaintiff's negligence claim.

## Conclusion

Based on the foregoing, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 117); **overrules** Plaintiff's objections (ECF No. 119); and **grants** Defendant's motion for summary judgment. (ECF 101.)

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

August 12, 2025
Charleston, South Carolina